## THE CARRISO.

District Court, N. D. California, S. D. April 2, 1928.

No. 194451.

1. **Shipping** ⊜⟹141(2)—**Ship, under bill of lading permitting deck stowage, held not liable for damage to cork board stowed on deck, resulting from contact with sea water.**

Where bill of lading permitted deck stowage, ship was not liable for damage to cork board, resulting from contact with sea water, on theory of improper stowage, because of fact that it was stowed on deck after being crated and dunnaged.

2. **Shipping** ⊜⟹141(2)—**Clause in bill of lading permitting deck stowage held valid (Harter Act).**

Clause in bill of lading permitting deck stowage *held* valid under the Harter Act, as not being expressly barred by terms of statute and in accord with old maritime rule permitting cargo to be carried on deck with consent of shipper.

In Admiralty. Libel by R. K. Davidson and others, doing business under the name of Davidson & Strauss, a copartnership, against the American motorship Carriso, her tackle, apparel, and furniture, etc., wherein Carriso, Incorporated, was claimant. Decree for respondents.

Derby, Sharp, Quinby & Tweedt, of San Francisco, Cal., for libelants.

Andros, Hengstler & Dorr, of San Francisco, Cal., for respondents.

KERRIGAN, District Judge. This is a libel for damage to certain cork board shipped from Lisbon to San Francisco as deck load on the motorship Carriso. The cork board arrived in a damaged condition, the damage being due to sea water. The bill of lading provided that the ship had "liberty to carry the goods and any other goods on deck or under deck." Libelants urge that this clause is invalid, because it is in conflict with the Harter Act, and deprives the shipper of his right to recover for cargo damage under that act. They also contend that, if the option for deck stowage be construed to be valid, respondents are nevertheless liable for improper stowage, in view of the known nature of the cork board and its susceptibility to serious damage if brought into contact with sea water.

[1] The evidence shows that the cork board was crated and that it was dunnaged, except as to the portion stowed forward, where the mate considered, properly, I think, that it was hardly likely that the ship would take water. The mate also testified that complete dunnaging would not have prevented the damage. Under these circumstances, I cannot hold respondents liable for improper stowage, assuming the bill of lading clause permitting the deck stowage to be valid. Armour & Co., Ltd., v. Walford, 28 Com. Cases, 37.

[2] Libelants cannot recover, therefore, unless the bill of lading clause in question is invalid. Armour & Co., Ltd., v. Walford, supra, is not authority supporting the validity of this clause, in view of the fact that there is in England no statute similar to the Harter Act controlling the decisions of the courts. I am nevertheless of the opinion that the clause is valid, and not in conflict with the Harter Act. It accords with an old maritime rule that cargo may be carried on deck with the consent of the shipper. Lawrence v. Minturn, 17 How. (58 U. S.) 100, 15 L. Ed. 58. Such stipulation is not expressly barred by terms of the statute. Being valid under American law before the act, and not expressly covered, the clause giving the ship liberty to stow cargo on deck is valid. Hughes, Admiralty (2d Ed.) 193; The Portuguese Prince (D. C.) 209 F. 995.

Let a decree be entered for respondents, each party to bear his own costs.